## No. 31
## FRANCIS v. BROOKE

Ohio Appeals, 6th Dist., Lucas Co.

No. 1715.  Decided Dec. 6, 1926

480.  EVIDENCE—Where evidence of malpractice is brought out by other than expert testimony, it is no encumbent upon the plaintiff to prove same by such expert testimony in order to recover thereon.

1106.  STATUTE OF LIMITATIONS — When by amended petition in an original action for mal-practice, assault and batetry is alleged, the statute having run thereon, such is an incident to the original mal-practice action and it is not error for the judge to refuse defendants to plead same.

RICHARDS, J.

Myrtle Brooks brought this action for malpractice in the Lucas Common Pleas against Harley R. Francis and recovered money damages in the sum of $12,500; which judgment is sought to be reversed.

The facts disclose that Myrtle Brooks went to a Dr. Bennett who took X-Ray pictures of her teeth marking nine teeth for extraction and recommended Dr. Francis for this purpose.  She went to Dr. Francis who upon examining the X-Ray pictures of her mouth discovered in addition to the teeth marked on the plate there was an impacted, unerupted second biscuspid, the removal of which caused the breaking of the patient's jaw and the entire controversy in the case.

The case naturally raises two questions for determination.  First, whether this impacted tooth was extracted without the patient's consent.  Second, whether the dentist was guilty of malpractice in the performance of the operation in extracting this tooth, and, included in this latter subdivision, is the question whether there was mal-practice in the reduction and treatment of the fractured jaw.

The Court of Appeals held:

1.  The finding of the jury that Mrs. Brooks did not consent to the removal of the tooth in question is not manifestly against the weight of the evidence.

2.  It is insisted that there could properly be no verdict for Mrs. Brooks because there was no expert evidence introduced upon which such verdict could be based, and the question of whether Dr. Francis was guilty of malpractice in performing the operation.

3.  It is quite conceivable that there are cases where the existence of expert testimony is essential to enable the jury to determine whether a physician, surgeon or a dentist is guilty of malpractice, but it is not true that such testimony is necessary in all cases.

4.  If a violation of the doctor's duty to his patient appears from other competent evidence the patient might certainly refrain with safety from calling expert witnesses.

5.  There is an assignment of error in that the contention of Mrs. Brooks that the tooth was extracted without her consent did not appear till her third amended petition in August, 1925, and it is argued that in reality this is an action to recover for assault and battery and not for malpractice and therefore barred by the statute of limitations.

6.  The case, as originally brought was to recover damages for claimed malpractice, and the amendment of August, 1925, was not a separate cause of action, merely being incidental to the malpractice case.

7.  The trial court therefore committed no error in refusing to allow the plea of the statute of limitations.

Judgment affirmed.

(Culbert and Williams, JJ., concur.)

Attorneys—Smith, Baker, Effler & Eastman for Farncis; Edward H. Ray and Raymond Ladd for Brooks; all of Toledo.